IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAMDEN COURT HOUSING, LLC.

                                                OPINION AND ORDER

            Plaintiff,

                                                08-cv-81-bbc

    v.

RICHARD KIRKLEWSKI and LORI McGINLEY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil action was filed originally in the Circuit Court for Dane County on January 24, 2008. On February 4, 2008, defendant Richard Kirklewski removed the case to this court.[1]

Pursuant to 28 U.S.C. §1446(c)(4), a district court is to examine a notice of removal and determine whether it appears from its face and any exhibits attached thereto that an order for summary remand must be issued. Having examined the petition for removal in this

---

[1] Although defendant Kirklewski is required to explain why defendant Lori McGinley did not join in the removal, Northern Illinois Gas v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982), he has not done so. However, thirty days have passed since the date of removal and plaintiff has not objected to this potential procedural defect. Therefore, the defect is deemed waived. Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997).

1

case, I conclude that the action must be remanded forthwith to the Circuit Court for Dane County, Wisconsin.

Defendant Kirklewski's notice of removal is nonsensical. In it he objects to the summons issued by Dane County Clerk of Court, claims broadly that Camden Court Housing acted illegally, and uses words like "ulterior motives," "misprisons," "intent," "malice" and "assumpsit" to explain his apparent concerns. Defendant Kirklewski attaches various exhibits to his notice, such as the summons and complaint filed against him in the circuit court; pages from the Wisconsin Circuit Court Access web page; an amended judgment in the case of United States of America v. William A.. Hanhardt, 00-CR-853-1, (N. D. Ill.); a web page concerning Norse mythology; and an article concerning capital punishment. The complaint he is attempting to remove is a small claims complaint in which plaintiff Camden Court Housing seeks to recover $488.75 (plus court fees) for damages to an apartment formerly leased to defendant Kirklewski and his co-tenant, Lori McGinley.

An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed originally in the federal court. 28 U.S.C. § 1441. The action against defendants Kirklewski and McGinley in Dane County Circuit Court seeking recovery for tenant damages to an apartment is not a case that could have been filed originally in federal court.

Generally, federal courts have the authority to hear two types of cases: 1) cases in

which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law; and 2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state. The claim in the complaint that defendant Kirklewski has removed to this court neither arises under the Constitution, laws or treaties of the United States, 28 U.S.C. § 1331, nor presents a controversy between citizens of different states exceeding the sum or value of $75,000, 28 U.S.C. § 1332. Therefore, the action is not one over which this court has jurisdiction.

Defendant Kirklewski suggests that he is removing this action under the authority of 28 U.S.C. § 1442, which allows for removal of actions to federal court where the defendant is a federal officer or agency. However, nothing in the complaint or Kirklewski's notice of removal allows an inference to be drawn that he is a federal officer.

Because it is clear that this court lacks subject matter jurisdiction over this action, remand to state court is required pursuant to 28 U.S.C. § 1446(c)(4).

3

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Dane County, Wisconsin.

Entered this 7th day of March, 2008.

BY THE COURT:

_____/s/_____
BARBARA B. CRABB
District Judge